ROBBINS LLP
BRIAN J. ROBBINS (190264)
brobbins@robbinsllp.com
GREGORY E. DEL GAIZO (247319)
gdelgaizo@robbinsllp.com
5060 Shoreham Place, Suite 300
San Diego, CA  92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Counsel for Movant Teeluck Persad and
[Proposed] Lead Counsel*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MALONEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>   v.<br><br>MULLEN AUTOMOTIVE, INC. F/K/A NET ELEMENT, INC., DAVID MICHERY, and JONATHAN NEW,<br><br>                  Defendants. | Case No. 2:25-cv-01187-MCS-JDE<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOVANT TEELUCK PERSAD'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL |
| CAYDEN CRUME, JAMES LEGRAND, and TODD HOLTON,<br><br>                  Plaintiffs,<br><br>   v.<br><br>MULLEN AUTOMOTIVE, INC., DAVID MICHERY, JONATHAN NEW, and OLEG FIRER,<br><br>                  Defendants. | Case No. 2:25-cv-02620-DMG-AGR<br><br><u>CLASS ACTION</u><br><br><br><br><br>Judge: Hon. Mark C. Scarsi<br>Ctrm: 7C; 7th Floor<br>Date: May 12, 2025<br>Time: 9:00 a.m. |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................1

II.   FACTUAL BACKGROUND...................................................................2

III.  ARGUMENT.........................................................................................3

  A.   The Actions Should Be Consolidated for All Purposes........................3

  B.   Movant Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff.................................................................4

     1.   Movant Has Timely Moved for Appointment as Lead Plaintiff.................................................................................5

     2.   Movant Has the Requisite Financial Interest in the Relief Sought by the Class........................................................6

     3.   Movant Satisfies the Requirements of Rule 23 .........................6

  C.   Movant's Selection of Lead Counsel Should Be Approved..................7

IV.   CONCLUSION.....................................................................................8

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Dixon v. The Honest Co., Inc.*,
    No. 2:21-CV-07405-MCS-PLA, 2022 WL 20611227 (C.D. Cal. Jan.
    26, 2022) .................................................................................................... 4

*Hardy v. MabVax Therapeutics Holdings*,
    No. 18-CV-01160-BAS-NLS, 2018 WL 4252345 (S.D. Cal. Sept. 6,
    2018) ........................................................................................................... 7

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ..................................................................... 6

*In re Equity Funding Corp. of Am. Sec. Litig.*,
    416 F. Supp. 161 (C.D. Cal. 1976) ............................................................ 4

*In re Titan, Inc. Sec. Litig.*,
    No. 04-CV-0676-LAB (NLS) (S.D. Cal. Dec. 20, 2005) ........................... 8

*Investors Research Co. v. United States Dist. Court for Cent. Dist.*,
    877 F.2d 777 (9th Cir. 1989) ..................................................................... 4

*Steiner v. Aurora Foods Inc.*,
    No. 00-602, 2000 U.S. Dist. LEXIS 20341 (N.D. Cal. Jun. 5, 2000) ....... 4

*Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*,
    720 F. Supp. 805 (N.D. Cal. 1989) ........................................................... 3

**STATUTES, RULES & OTHER AUTHORITIES**

15 U.S.C.
    §78u-4(a)(1) ................................................................................................ 4
    §78u-4(a)(3)(A)(i) ...................................................................................... 4
    §78u-4(a)(3)(A)-(B) ................................................................................... 5
    §78u-4(a)(3)(B) .......................................................................................... 5
    §78u-4(a)(3)(B)(i) ...................................................................................... 4
    §78u-4(a)(3)(B)(ii) ................................................................................. 1, 3
    §78u-4(a)(3)(B)(iii) ................................................................................ 2, 5
    §78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................ 6
    §78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................ 6
    §78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................... 7
    §78u-4(a)(3)(B)(v) ................................................................................. 2, 7

Fed. R. Civ. P. 23(a)(3)-(4)......................................................................................6
Fed. R. Civ. P. 42(a)...............................................................................................6

Movant Teeluck Persad ("Movant") respectfully submits this Memorandum of Law in support of his Motion for: (i) consolidation of the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointment as Lead Plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (iii) approval of his selection of Robbins LLP as Lead Counsel for the Class.

## I.    INTRODUCTION

1.    Presently pending in this district are two securities class action lawsuits (the "Actions") on behalf of purchasers of Mullen Automotive, Inc. f/k/a Net Element, Inc. ("Mullen" or the "Company") securities during the period between May 1, 2022 and March 26, 2025, both dates inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").[1]  In particular, the Actions are:

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Jennifer Maloney v. Mullen Automotive, Inc., et al.* | 2:25-cv-01187-MCS-JDE | February 12, 2025 |
| *Cayden Crume, et al. v. Mullen Automotive, Inc., et al.* | 2:25-cv-02620-DMG-AGR | March 26, 2025 |

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a); *infra* Section III.A.

---

[1] The *Crume* Action does not provide a specific start date for its class period, stating just "May 2022." In order to encompass the largest possible period, Movant has chosen May 1, 2022.

Next, the Court should appoint Movant as Lead Plaintiff for the Actions. The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the Exchange Act. Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant: (i) making a timely motion under the PSLRA's sixty day deadline; (ii) who asserts the largest financial interest in the litigation; and (iii) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Movant meets these requirements, because: (i) he timely filed for appointment as Lead Plaintiff; (ii) to the best of his knowledge, Movant has the largest financial interest in this litigation; and (iii) Movant meets the applicable requirements under Rule 23. *See id.*; *infra* Section III.B.

Finally, the Court should approve Movant's choice of Lead Counsel. Movant has retained experienced and competent counsel. As the "most adequate plaintiff" under the PSLRA, the Court should defer to Movant's selection of Robbins LLP as Lead Counsel for the class and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Mullen is a Delaware corporation with its principal executive office at 1405 Pioneer Street, Brea, California. Mullen purports to be an electric vehicle ("EV") manufacturer. On November 5, 2021, Mullen Technologies, Inc. merged with Net Element, Inc. and the Company changed its name to Mullen Automotive, Inc. The Company's shares trade on the Nasdaq Stock Market, under the trading symbol "MULN."

The Actions allege that during the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. Specifically, defendants engaged in a scheme to artificially inflate its stock price through false and misleading statements, often before executing reverse stock splits, including on May 4, 2023, August 11, 2023, December 31, 2024, and September 17, 2024. In addition, defendants made false and misleading statements that: (1) claimed that Mullen had no intent of implementing a reverse stock split when in-fact the Chief Executive Officer and the Company believed one was imminent and necessary;

(2) overstated Mullen deals with business partners, including Rapid Response Defense Systems ("RRDS") and Mullen Advanced Energy Operations, LLC; (3) overstated its battery technology capabilities and partnerships (i.e., Lawrence Hardge related allegations); (4) omitted Lawrence Hardge's previous convictions for financial crimes and moral turpitude and disclosed this information to investors; (5) failed to disclose material information about its financing agreements; and (6) as a result, defendants' public statements were materially false and/or misleading at all relevant times.

The truth about the Company's operations and finances were slowly coming to light. On March 13, 2024, Mullen announced that it had not successfully submitted necessary information required for the Company to participate or receive a benefit from government contracts with the Company or its partner RRDS. Furthermore, the Company has not at any point been on a "fast-track" to achieve opportunities for large-scale vehicle fleet orders from the U.S. Federal Government. Additionally, the Company omitted from its initial and second press release regarding the RRDS contract that a final ruling and compliance needed to be issued by the U.S. General Services Administration, instead of the U.S. Customs and Border Protection.

As the market has learned the truth about Mullen's wrongdoing, shares of Mullen stock fell dramatically. As a result of defendants' wrongful acts and omissions, and the decline in the market value of Mullen's securities, Movant and other Mullen investors have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated for All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a) of the Federal Rules of Civil Procedures ("Rule 42"), consolidation is appropriate where the actions involve "a common question of law or fact." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.

Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to consolidate cases. *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora Foods Inc.*, No. 00-cv-602, 2000 WL 33911305, at *2 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action stockholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id*.

Here, as noted above, there are at least two related securities class actions pending in this District on behalf of investors who purchased Mullen common stock during the Class Period. The Actions allege substantially similar claims, against substantially similar parties, over substantially similar Class Periods. Accordingly, consolidation is appropriate under Rule 42(a). *See Dixon v. The Honest Co., Inc.*, No. 2:21-CV-07405-MCS-PLA, 2022 WL 20611227, at *2 (C.D. Cal. Jan. 26, 2022).

**B.      Movant Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

After consolidation, the PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was

- 4 -

published in *Globe Newswire* on February 12, 2025. *See* Declaration of Gregory E. Del Gaizo in Support of Movant Teeluck Persad's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Del Gaizo Decl."), Exhibit A, filed concurrently herewith. Within sixty days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

the person or group of persons that-

> (aa)   has either filed the complaint or made a motion in response to a notice ... ;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1.   Movant Has Timely Moved for Appointment as Lead Plaintiff

The notice published in this action informed class members that the deadline to move for appointment as Lead Plaintiff was sixty days from February 12, 2025. *See* Del Gaizo Decl., Exhibit A. As this motion is being filed on April 14, 2025, it is timely. Thus, Movant has complied with the PSLRA's first requirement and is entitled to be considered for appointment as Lead Plaintiff.

- 5 -

### 2. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

To be eligible for the "most adequate plaintiff" presumption, a movant must also possess the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

Movant purchased the Company's stock pursuant to the materially false and misleading statements and suffered losses of $872,907.12 in connection with his purchase of Mullen stock. *See* Del Gaizo Decl., Exhibit C. To the best of Movant's counsel's knowledge, Movant's financial interest in this matter is the largest of any known lead plaintiff movants. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Movant Satisfies the Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4).

At this stage of litigation, the movant "need only make a prima facie showing of its typicality and adequacy." *Dixon*, 2022 WL 20611227, at *3 (quotation omitted). This is because once a court determines which plaintiff has the largest financial interest, "the court must appoint that plaintiff as lead, unless it finds that [plaintiff] does not satisfy the typicality or adequacy requirements." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).

"The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants." *Dixon*, 2002 WL 20611227, at *3 (quotation omitted). Here, Movant satisfies the typicality requirement for purposes of selecting Lead Plaintiff because, like

other class members, he: (i) purchased Mullen securities during the Class Period; (ii) paid allegedly inflated prices because of claimed false and misleading statements by defendants; and (iii) thereby suffered damages. Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

Movant is also an adequate Lead Plaintiff. "The two primary adequacy inquiries are (1) whether the representative and counsel have conflicts of interest with other class members and (2) whether the representative and counsel will prosecute the action vigorously on behalf of the class." *Id.* at *4 (quotation omitted). Here, Movant is an adequate Lead Plaintiff because his interest in aggressively pursuing the claims against defendants is aligned with the interests of the members of the class who were similarly harmed as a result of defendants' false and misleading statements. There is no antagonism between Movant's interests and those of the other members of the class and there is nothing to indicate that Movant will do anything but vigorously pursue the claims on behalf of the class. In addition, Movant has submitted a certification detailing its investments in Mullen during the Class Period and confirming his willingness to discharge the obligations of class representatives in the Action. *See* Del Gaizo Decl., Exhibit B.

In addition, as described below, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the class. All of these factors sufficiently evidence Movant's satisfaction of the Rule 23 requirements and capacity and willingness to serve as Lead Plaintiff.

### C. Movant's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Robbins LLP to serve as Lead Counsel.

- 7 -

Robbins LLP is a nationally recognized shareholder rights firm focusing its practice on complex shareholder litigation. *See* Del Gaizo Decl., Exhibit D. Robbins LLP attorneys have secured impressive recoveries in shareholder rights' actions. For example, Robbins LLP served as Lead Counsel in the securities fraud class action *In re Titan*, *Inc*. *Sec*. *Litig*., No. 04-CV-0676-LAB (NLS) (S.D. Cal. Dec. 20, 2005), which settled for $61.5 million.

Based on these qualifications, the Court may be assured that the members of the class will receive the highest caliber of legal representation available from Robbins LLP if this motion is granted. Accordingly, Movant's selection of counsel should be approved.

## IV.  CONCLUSION

The related Actions before the Court are substantially similar and should be consolidated. In addition, Movant has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, Movant respectfully requests that the Court consolidate the Actions, appoint him as Lead Plaintiff, approve his selection of Robbins LLP Lead Counsel for the class, and grant such other relief as the Court may deem just and proper.

Dated: April 14, 2025

Respectfully submitted,

ROBBINS LLP
BRIAN J. ROBBINS
GREGORY E. DEL GAIZO

s/Gregory E. Del Gaizo
GREGORY E. DEL GAIZO

5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsllp.com
gdelgaizo@robbinsllp.com

*Counsel for Movant Teeluck Persad and [Proposed] Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted the Court's electronic mail notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 14, 2025.

s/Gregory E. Del Gaizo
GREGORY E. DEL GAIZO

1694213

- 9 -