Deepali Brahmbhatt
Email: dbrahmbhatt@devlinlawfirm.com
Hayden B. Corrales (SBN 350580)
Email: hcorrales@devlinlawfirm.com
DEVLIN LAW FIRM LLC
3120 Scott Blvd. #13,
Santa Clara, CA 95054
Telephone:   (650) 254-9805

Timothy Devlin (*pro hac vice* pending)
Email: tdevlin@devlinlawfirm.com
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
*Attorneys for Movant Cayden Crume*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

[WESTERN DIVISION]

| | |
|---|---|
| JENNIFER MALONEY, Individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br>v.<br>MULLEN AUTOMOTIVE, INC. F/K/A NET ELEMENT, INC., DAVID MICHERY, and JONATHAN NEW,<br>                              Defendants. | Case No. 2:25-cv-01187-MCS-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES RE: OPP. TO MOT. TO CONSOLIDATE, AND APPOINTMENT AS CO-LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>DATE: May 12, 2025<br>TIME: 9:00 a.m.<br>JUDGE: Mark C. Scarsi<br>CTRM: 7C |
| Cayden Crume, James LeGrand, and Tood Holton,<br><br>          Plaintiffs,<br><br>     v.<br><br>Mullen Automotive Inc., David Michery, Jonathan New, and Oleg Firer<br><br>          Defendants. | Case No.  2:25-cv-02620-DMG-AGR<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| MEMO. OPP. MOT. TO CONSOLIDATE | CASE NO.2:25-cv-02620-DMG-AGR<br>Case No. 2:25-cv-01187-MCS-JDE |

**TABLE OF CONTENTS**

I.      ACTIONS SHOULD NOT BE CONSOLIDATED ......................................2

        A.    Background Facts...........................................................................2

        B.    Unjust Enrichment Claim and Ongoing Class Period ..........................4

II.     IN THE ALTERNATIVE, MR. CRUME'S APPLICATION TO BE
        CO-LEAD PLAINTIFF SHOULD BE ACCEPTED ..................................4

        A.    Under PSLRA, Mr. Crume Is The "Most Capable" of
              Adequately Representing the Class ......................................................6

              1.    Mr. Crume's Motion is Timely and Proper Under the
                    Circumstances....................................................................6

              2.    Mr. Crume Has Selected and Retained Competent
                    Counsel ..............................................................................7

              3.    While Mr. Crume Financial Injury May Not Be the
                    Largest, He Requests a Supplemental Role To Address
                    Ongoing Violations...........................................................7

        B.    Mr. Crume Satisfies Fed. R. Civ. P. 23 ..............................................7

              1.    Mr. Crume, An Individual Investor, Is Typical and
                    Adequate For all Claim Counts ......................................8

              2.    Mr. Crume's Claims Are Typical of the Class..........................8

              3.    Mr. Crume Will Fairly and Adequately Represent The
                    Interests Of The Class.......................................................9

        C.    Mr. Crume's Choice of Class Counsel Should Be Approved ............10

III.    CONCLUSION ....................................................................................12

MEMO. OPP. MOT. TO CONSOLIDATE          CASE NO.2:25-cv-02620-DMG-AGR
                                        Case No. 2:25-cv-01187-MCS-JDE

**TABLE OF AUTHORITIES**

**CASES**

*Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)...........................9

*Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 732-33 (9th Cir. 2002)..................................................5

*In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)....................................7

*Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015)...........................................................................8

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015)...........................................................................6

*Petersen v. Costco Wholesale Co., Inc.*, No. SA CV 13-1292-DOC (JCGx), 2016 WL 6768911, at *3 (C.D. Cal. Nov. 15, 2016) ..........................................9

*Schriver v. Impac Mort. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *3 (C.D. Cal. May 2, 2006)................................................8

*Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) ....................9, 10

**STATUTES**

15 U.S.C. §§ 78u-4(a)..........................................................2, 5, 6, 7, 10

Fed R. Civ. P. 23...................................................................5, 8, 9

Section 21 D(a)(3)(A)(i) of the Exchange Act ............................................6

Pending before the Court is the above-captioned securities and consumer protection class against Defendants' Mullen Automotive Inc., David Michery, Jonathan New and Oleg Firer ("Defendants") arising out of repeated false and misleading statements to cause a MULN stock surge followed by a reverse split and subsequent truth becoming public as to the falsity and lack of basis of the statements.

The related cases at issue here are as follows:

(1) *In re Mullen Automotive Inc Securities Litigation*, Civ. No. 2:22-cv-03026-DMG-AGR pending $7.2M settlement approval for the class period June 15, 2020, and April 17, 2022 (the "first Related Action").

(2) *Maloney v. Mullen Automotive et al.*, Civ. No. 2:25-cv-01187-MCS-JDE defining class period between February 3, 2023 to March 13, 2025 (the "*Maloney* action").

(3) *Crume v. Mullen Automotive et al.*, Civ. No. 2:25-cv-02620-DMG-AGR seeking class period to be ongoing and inclusive of the period after March 13, 2025 (the "*Crume* action").

The issue to be decided by the Court is whether to consolidate the *Maloney* and *Crume* actions as per motions (ECF Nos. 26, 33, 37). Plaintiffs in the Crume action oppose consolidation.

If the Court grants consolidation, Plaintiff Cayden Crume seeks appointment as Lead Plaintiff and his selection of counsel, Devlin Law Firm, LLC as Class Counsel for the supplemental class period beginning March 14, 2025, and ongoing. While several plaintiffs are competing for the lead plaintiff role and corresponding law firms are competing for the Class Counsel role, none of the plaintiffs and law firms address the on-going nature of the violations and take notice of the settlement in process under Judge McGee.

1

## I.    ACTIONS SHOULD NOT BE CONSOLIDATED

Defendants' repeatedly disseminated false and misleading statements at least regarding vehicle releases, battery technology innovations, and manufacturing capabilities.  Persons, including Mr. Crume, incurred significant losses when these misrepresentations were revealed and stock prices plummeted.

This action is brought under both the Private Securities Litigation Reform Act of 1995 ("PSLRA") and the consumer protection laws.  Under the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and whether such movant has made a prima facie showing that he is a typical and adequate class representative under Fed. R. Civ. P. Rule 23.  15 U.S.C. § 78u-4(a)(3(B)(i).  Having reviewed the motions (ECF Nos. 26, 30, 33, 37), the method of calculating loss based on reverse-splits is approached differently by different counsel.  Plaintiff Crume submits his own transactions in Exhibit C-D.  (Brahmbhatt Decl., ¶¶ 4-5).  Moreover, the Crume action includes the repetitive nature of the violations and notice to the settlement process ongoing in the first Related Action.

Under the consumer protection laws, Fed. R. Civ. P. Rule 23 governs and the first-to-file rule applies.  While the *Maloney* action was filed earlier than the *Crume* action, the allegations in the Crume action includes unjust enrichment claim that proposes a class definition that addresses the ongoing time period and repetitive nature of the violations.  The *Crume* action also factors in the settlement process ongoing in the first Related Action for the period between June 15, 2020, and April 17, 2022.

### A.    Background Facts

2

Mullen and Individual Defendants repeatedly engaged in a scheme to inflate Mullen's stock price through press releases making false or misleading statements or material omissions, often before executing a reverse stock split to their benefit. On June 15, 2020, Mullen issued a press release (https://www.sec.gov/Archives/edgar/data/1499961/000143774920013083/ex_190434.htm) announcing its intent to merge Net Element with electric vehicle company, Mullen Technologies, Inc.  (Defendant Mullen was previously known as Mullen Technologies Inc.)  Mullen boasted a new luxury sports car soon to hit the market and a different business model that promised fast-to-market, high efficiency, ready and proven vehicle technology with vastly reduced development time.  On December 15, 2020, Mullen issued a press release stating that the merger with Net Element Inc was still in progress and that the ability to produce and sell automobiles was progressing well, with revenues improving despite continued shutdowns in New York and California.  (https://news.mullenusa.com/nete-q3-2020-revenues-improve-despite-continued-shutdowns.)  On November 15, 2021, Mullen issued a press release describing purported ramp-up in manufacturing facilities.  (https://news.mullenusa.com/mullen-automotive-announces-it-now-owns-tunica-mississippi-ev-assembly-plant-free-and-clear.)

Mullen's share price has fallen multiple times with a history of seven reserve stock splits since 2016 to date including one in 2025.  Defendants' first inflace the stock price with false press releases.  Such statements are made before it executes a reverse stock split.  Mullen's share price fell 99% between April 2023 and April 2024. As of April 15, 2024, Mullen's stock price dropped 73% in 2024, from $1,286.00 per share to $377.00 (adjusted for reverse splits) per share. Mullen's share price had been artificially inflated due to the constant barrage of Defendants' false and misleading statements and material omissions of facts. Mullen stock is currently trading below $2 per stock (also adjusted).  The Defendants, their

3

MEMO.  OPP. MOT. TO CONSOLIDATE       CASE NO.2:25-cv-02620-DMG-AGR
                                      Case No. 2:25-cv-01187-MCS-JDE

affiliates, and partners' public statements were materially false, misleading, and/or omitted material information, resulting in an artificially inflated share price.

### B.    Unjust Enrichment Claim and Ongoing Class Period

Based on Defendants' repeatedly engaging in a scheme to inflate Mullen's stock price through press releases making false or misleading statements or material omissions, often before executing a reverse stock split to their benefit, the Court should not consolidate the actions and allow the Crume action to continue prosecution of the Unjust enrichment consumer protection claim based on the same pattern of violating and repetitive acts.

The *Maloney* and *Crume* actions should not be consolidated because: (i) the class period in the *Crume* action is period from March 26, 2023 and *ongoing* whereas in the *Maloney* action is limited to February 3, 2023 to March 13, 2025, (ii) the *Crume* action includes consumer protection unjust enrichment claim based on repetitive pattern of behavior from the earlier time period subject of litigation in the *In re Mullen Automotive Inc Securities Litigation*, Civ. No. 2:22-cv-03026-DMG-AGR pending $7.25M settlement approval for the class period June 15, 2020, and April 17, 2022; and (iii) the *Maloney* action does not allege claims based on consumer protection that are non-PSLRA.

### II.    IN THE ALTERNATIVE, MR. CRUME'S APPLICATION TO BE CO-LEAD PLAINTIFF SHOULD BE ACCEPTED

Mr. Crume's personal statement and biodata are attached as Exhibit E. (Brahmbhatt Decl. ¶ 5.)  Mr. Crume is the lead plaintiff in the *Crume* action and the date for filing a Lead Plaintiff application in that action would be due sixty days after the notice of publication for lead plaintiff in that action, and not April 15, 2025 deadline in the Maloney action.  (*See e.g.*, ECF No. 39-2 in the *Maloney* action). Because Mr. Crume opposes consolidation, Mr. Crume did not file an

4

application to be Lead Plaintiff in the *Maloney* action by April 15, 2025.  The issues raised by the Crume action are substantively different and first-filed with regards to the claim of unjust enrichment covering the repetitive nature and ongoing class period.  Mr. Crume's co-lead plaintiff application should be granted for the consumer protection claim of unjust enrichment.

Mr. Crume will adequately represent the interests of the Class since he otherwise satisfies the typicality and adequacy requirements of Fed R. Civ. P. 23(a); 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Crume's claims are typical, if not identical, to the other Class members. Like other members of the Class, Mr. Crume seeks recovery of losses incurred as a result of the false and misleading statements made by Defendants.  Mr. Crume can adequately represent the interests of the Class since he has no conflicts with other class members and has chosen highly qualified proposed Lead Counsel who can vigorously pursue this litigation on behalf of the Class.  Moreover, while he has previously not participated in other complex class action litigation matters, Mr. Crume truly represents the consumer interest here that has been injured the most and is hit the hardest with a significant portion of savings lost.  In the present litigations, Mr. Crume has committed the resources necessary to vigorously purse claims on behalf of the Class.

Mr. Crume's selection of Devlin Law Firm as Lead Counsel should likewise be approved by the Court because, pursuant to the PSLRA, the presumptive Lead Plaintiff is entitled to select the Lead Counsel of its choosing.  Mr. Crume's selection is rational, not tainted by self-dealing or conflict of interest and does not cast a genuine and serious doubt as to Mr. Crume's willingness or ability to perform the functions of Lead Plaintiff. *See Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 732-33 (9th Cir. 2002). Devlin Law Firm LLC, a firm reputed for plaintiff side complex litigation, has extensive experience in the successful prosecution of technology cases including

5

class actions and will more than adequately represent the interests of all Class members.

The similarity in Mr. Crume's underlying facts and issues for all of the claim counts in the Complaint to the members of the class including a loss of significant portion of Mr. Crume's savings, make Mr. Crume a typical and adequate representative. Mr. Crume brings forward issues that are not currently before the Court. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015).

### A. Under PSLRA, Mr. Crume Is The "Most Capable" of Adequately Representing the Class

Under PSLRA, Mr. Crume should be appointed the Co-Lead Plaintiff to protect claims as applicable to investors. Mr. Crume filed the complaint in this action and after reviewing competing motions, made this motion in response to his analysis of the perceived gaps in the class periods as noted above. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); Section 21D(a)(3)(B)(i) of the Exchange Act; 15 U.S.C. § 78u-4(a)(3)(B)(i). Mr. Crume satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Mr. Crume is the "most capable of adequately representing the interests of class members." *Id*.

Mr. Crume has followed the procedures set forth by the PSLRA by filing an independent action and responding to moving papers in the *Maloney* action. 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B) and Section 21 D(a)(3)(A)(i) of the Exchange Act. Mr. Crume also filed a notice of the first Related Action.

### 1. Mr. Crume's Motion is Timely and Proper Under the Circumstances

Mr. Crume's filing of opposition to consolidation is timely. Mr. Crume's motion to be lead plaintiff is timely in the *Crume* action.

6

**2.    Mr. Crume Has Selected and Retained Competent Counsel**

Mr. Crume has also selected and retained competent counsel to represent him and other members of the Class.  The firm and attorney resumes of Devlin Law Firm LLC, Mr. Crume's choice of Lead Counsel, are attached as Exhibit A and Exhibit B respectively, to the Declaration of Deepali Brahmbhatt ("Brahmbhatt Decl.").  Accordingly, Mr. Crume has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(A)(i) and (a)(3)(B)(iii)(aa).

**3.    While Mr. Crume Financial Injury May Not Be the Largest, He Requests a Supplemental Role To Address Ongoing Violations**

For actions that involve only PSLRA claim counts, the PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for appointment as Lead Plaintiff is the entity or group of persons that has the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). In order to do so, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  In calculating a proposed lead plaintiff's financial stake in the litigation, the Ninth Circuit recommends that the district court "select accounting methods that are both rational and consistently applied." *Id.*, n. 4.4

Mr. Crume has purchased more than half a million shares in that have been decimated by the reverse splits. Accordingly, Mr. Crume has a significant financial interest and is thus the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.    Mr. Crume Satisfies Fed. R. Civ. P. 23**

Pursuant to both securities and consumer protection laws, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B).  Rule 23(a) provides that an action

may be certified as a class action only if the following requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality") and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy"). *See* Fed. R. Civ. P. 23(a).

The party moving for lead plaintiff need only make a preliminary showing of the typicality and adequacy prongs of Rule 23(a) – those that directly address the personal characteristics of the class representative – and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002) (vacating order appointing lead plaintiff); *see also Schriver v. Impac Mort. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *3 (C.D. Cal. May 2, 2006); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015).

### 1.    Mr. Crume, An Individual Investor, Is Typical and Adequate For all Claim Counts

As an individual investor, Mr. Crume is an adequate and capable Lead Plaintiff because his claims encompass both securities and consumer protection laws.  Mr. Crume is an investor with a substantial financial stake in this litigation and will have every incentive to vigorously pursue this case and obtain the best possible recovery for the Class.  Appointing Mr. Crume as Co-Lead Plaintiff would satisfy the Fed R. Civ. P. 23's aim of having the Class represented by an investor with a significant stake in the outcome of the litigation.  Mr. Crume satisfies both the typicality and adequacy requirements of Rule 23.

### 2.    Mr. Crume's Claims Are Typical of the Class

Mr. Crume meets the typicality requirements of Fed. R. Civ. P. 23(a)(3).

8

Rule 23(a)(3) provides that the claims or defenses of the representative parties must be typical of those of the class. *See* Fed. R. Civ. P. 23(a)(3). The "test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Petersen v. Costco Wholesale Co., Inc*., No. SA CV 13-1292-DOC (JCGx), 2016 WL 6768911, at *3 (C.D. Cal. Nov. 15, 2016) (citing *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992) (denying motion to decertify class). Here, the claims asserted by Mr. Crume are typical of, if not identical to, the potential claims of other class members, in that Mr. Crume and other Class members must show:

(a) whether the defendants violated the federal securities laws and California's consumer protection laws;

(b) whether defendants made or failed to correct false and misleading statements;

(c) whether defendants' conduct caused artificial inflation and subsequent collapse of Mullen stock price during the Class Period and thereby caused the losses suffered by Class members; and

(d) whether members of the Class have sustained damages and, if so, what is the proper measure of damages.

Because there are well-defined common questions of law and fact in this case, the claims asserted by Mr. Crume are typical of the claims of the members of the proposed Class. *See Tanne v. Autobytel, Inc*., 226 F.R.D. 659, 667 (C.D. Cal. 2005) (finding typicality requirement met when the proposed Lead Plaintiff "submitted a sworn certification indicating that he [traded the company's] securities and suffered losses during the class period."). Thus, Mr. Crume's claims are typical of those of other Class members.

**3.    Mr. Crume Will Fairly and Adequately Represent The**

**Interests Of The Class**

Mr. Crume also satisfies the adequacy requirements of Fed. R. Civ. P. 23(a) 4). Under Fed. R. Civ. P. 23(a)(4), the representative parties must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its adequacy inquiry to the existence of any conflict between the interests of Mr. Crume and the members of the Class. Thus, in determining whether adequacy under Fed. R. Civ. P. 23(a)(4) is satisfied, the Court inquires whether a proposed Lead Plaintiff has "a sufficient interest in the outcome of the case" and a "willingness . . . to vigorously prosecute the action." *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667-668 (C.D. Cal. 2005). The Court also "assess[es] whether [the proposed Lead Plaintiff] has interests antagonistic to the class, and whether his counsel have the necessary capabilities and qualifications." *Id*.

As evidenced by Mr. Crume's substantial losses resulting from Defendants' wrongdoing during the Class Period, his interests are clearly aligned with the interests of the members of the Class he seeks to represent. There is also no evidence of any antagonism between Mr. Crume's interests and those of the other members of the Class. As detailed above, Mr. Crume shares identical or substantially similar questions of law and fact with the other members of the proposed Class and its claims are typical of the members of the Class.

Moreover, Mr. Crume has retained competent and experienced counsel to prosecute these claims and to investigate further the facts giving rise to this action. Mr. Crume's proposed Lead Counsel are highly qualified, experienced in the prosecution of class actions involving federal and state law claims, and able successfully to conduct this complex litigation on behalf of the Class. Thus, Mr. Crume satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23 for the purposes of this motion.

**C.    Mr. Crume's Choice of Class Counsel Should Be Approved**

As a Co-Lead Plaintiff, Mr. Crume's selection of the law firm of Devlin Law

Firm to serve as Lead Counsel, pursuant to 15 U.S.C. 78u-4(a)(3)(B)(v), should be approved by the Court.  Since the firm's founding in 2014 and as reflected in its firm resume, DLF possesses extensive experience litigating federal and state law technology cases including class action cases, having successfully prosecuted class actions in history when other firms were bogged down by early dismissals.  (*See* Brahmbhatt Decl., Exhibits A-B, ¶¶ 2-3). DLF has distinguished itself as one of the nation's premier complex litigation firms with a strong plaintiff-side practice, and has served as Lead Counsel in cases, including class actions, throughout the country.  DLF attorneys have a strong technical background and experience in litigating innovative and complex issues with evolving law that is catching up with technology.

Devlin Law Firm, LLC has been appointed Class Counsel in securities litigation against Binance et al in MDL 3076 Action in the Southern District of Florida. In recent years, Devlin Law Firm, LLC has secured millions of dollars in recoveries on behalf of plaintiffs, small-business owners and consumers at large, including *Zanca et al. v. Epic Games, Inc.*, 21-cvs-534 (Superior Court, County of Wake, North Carolina) (obtaining $26.5 million recovery for class of minors playing Fortnite).  Other technology recoveries and settlements over the past five years total well over $200 million dollars.  DLF's practice is dedicated primarily to litigating and trying lawsuits.  The firm has represented clients in some of the largest and most complex cases ever litigated, and has demonstrated that it has the ability and resources to handle those cases effectively and efficiently.  The firm's experience, track record of success and staying power are reflected in its wide recognition as one of the nation's leading trial firms.  The firm's lawyers are consistently recognized as "Super Lawyers" and "Rising Stars" in the states where they practice and Tim Devlin, the managing partner of the firm is a Fellow in the Litigation Counsel of America and has been recognized by numerous publications.

11

| MEMO.  OPP. MOT. TO CONSOLIDATE | CASE NO.2:25-cv-02620-DMG-AGR<br>Case No. 2:25-cv-01187-MCS-JDE |
|---|---|

DLF has just over thirty lawyers practicing nationwide. DLF believes it will provide the members of the Class with unparalleled legal representation throughout the course of this litigation.

Accordingly, the Court should approve Mr. Crume's selection of Devlin Law Firm LLC as Class Counsel.

### III.    CONCLUSION

For the reasons given above, the Court should deny the motions (ECF No. 26, 33, 37) for consolidation.

Dated: April 21, 2025

**DEVLIN LAW FIRM, LLC**

By:  /s/ Deepali A. Brahmbhatt
Deepali A. Brahmbhatt (SBN 255646)
Email: dbrahmbhatt@devlinlawfirm.com
Hayden B. Corrales (SBN 350580)
Email: hcorrales@devlinlawfirm.com
DEVLIN LAW FIRM LLC
3120 Scott Blvd. #13,
Santa Clara, CA 95054
Telephone:   (650) 254-9805

Timothy Devlin (*pro hac vice* pending)
Email: tdevlin@devlinlawfirm.com
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

*Attorneys for Movant Cayden Crume.*

12

MEMO. OPP. MOT. TO CONSOLIDATE

CASE NO.2:25-cv-02620-DMG-AGR
Case No. 2:25-cv-01187-MCS-JDE