POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Muhammad Jafri and*
*Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MALONEY, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>MULLEN AUTOMOTIVE, INC. F/K/A NET ELEMENT, INC., DAVID MICHERY, and JONATHAN NEW,<br><br>                Defendants. | Case No. 2:25-cv-01187-DMG-AGR<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF: (1) CONSOLIDATION OF RELATED ACTIONS; AND (2) APPOINTMENT OF TEELUCK PERSAD AND MUHAMMAD JAFRI AS CO-LEAD PLAINTIFFS**<br><br>DATE:  May 16, 2025<br>TIME:  9:30 a.m.<br>JUDGE:  Dolly M. Gee<br>CTRM:  8C |

MEMORANDUM OF POINTS AND AUTHORITIES - 2:25-cv-01187-MCS-JDE; 2:25-cv-02620-DMG-AGR

CAYDEN CRUME, JAMES LEGRAND, and TODD HOLTON,

        Plaintiffs,

    v.

MULLEN AUTOMOTIVE INC., DAVID MICHERY, JONATHAN NEW, and OLEG FIRER,

        Defendants.

Case No. 2:25-cv-02620-DMG-AGR

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   ARGUMENT..........................................................................................................3

    A.    CONSOLIDATION OF THE RELATED ACTIONS IS WARRANTED ...3

    B.    CRUME'S REQUEST FOR APPOINTMENT AS A CO-LEAD PLAINTIFF SHOULD BE DENIED..........................................................6

III.  CONCLUSION.....................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carson v. Clarent Corp.*,
  No. C 01-03361 CRB, 2001 WL 1782712 (N.D. Cal. Dec. 14, 2001) ........................7

*Crume, et al. v. Mullen Automotive Inc.*,
  No. 2:25-cv-02620-DMG-AGR ..............................................................*passim*

*Duffaydar v. Sonder Holdings Inc.*,
  No. 2:24-cv-02952-ODW, 2024 WL 4454910 (C.D. Cal. Oct. 09, 2024)...................4

*Gutman v. Wilfrid Glob. Opportunity Fund LP*,
  No. 15 Civ. 7192 (CM), 2015 WL 13791788 (S.D.N.Y. Dec. 08, 2015) ...................7

*Hacker v. Peterschmidt*,
  No. C 06-03468, 2006 WL 2925683 (N.D. Cal. Oct. 11, 2006) .................................4

*Hevesi v. Citigroup, Inc.*,
  366 F.3d 70 (2d Cir. 2004) ......................................................................................11

*Hufnagle v. Rino Int'l Corp.*,
  No. CV 10-8695-VBF(VBKx), 2011 WL 710704
  (C.D. Cal. Feb. 14, 2011)..........................................................................................6

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ....................................................................................9

*In re CTI BioPharma Corp. Sec. Litig.*,
  No. C16-216RSL, 2016 WL 7805876 (W.D. Wash. Sept. 2, 2016) ........................10

*In re Mullen Automotive Inc. Sec. Litig.*,
  No. 2:22-cv-03026-DMG-AGR (C.D. Cal.)............................................................5, 6

*In re White Elec. Designs Corp. Sec. Litig.*,
  416 F. Supp. 2d 754 (D. Ari. 2006) ...........................................................................8

*King v. Livent, Inc.*,
  36 F. Supp. 2d 187 (S.D.N.Y. 1999) ..........................................................................8

*Maloney v. Mullen Automotive, Inc., et al.*,
   No. 2:25-cv-01187-DMG-AGR ..................................................................*passim*

*Nayani v. LifeStance Health Grp., Inc.*,
   641 F. Supp. 3d 57 (S.D.N.Y. 2022) .......................................................... 6

*Sayce v. Forescout Techs., Inc.*,
   No. 20-cv-00076-SI, 2020 WL 4207444 (N.D. Cal. July 22, 2020) ........................ 4

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005) .......................................................... 11

*Weisz v. Calpine Corp.*,
   No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ......................... 4

**Statutes**

15 U.S.C. § 78u–4 .................................................................*passim*

Private Securities Litigation Reform Act of 1995 ......................................*passim*

Securities Act of 1933 ................................................................ 11

Securities Exchange Act of 1934 ................................................. 5, 10, 11

**Rules**

Fed. R. Civ. P. 23 ...................................................................*passim*

Fed. R. Civ. P. 42 ................................................................... 3

Movants Teeluck Persad ("Persad") and Muhammad Jafri ("Jafri") respectfully submit this Memorandum of Points and Authorities in further support of (1) their respective motions and subsequent stipulation (the "Stipulation") for consolidation of the above-captioned actions *Maloney v. Mullen Automotive, Inc., et al.*, No. 2:25-cv-01187-DMG-AGR (the "*Maloney* Action") and *Crume, et al. v. Mullen Automotive Inc.*, No. 2:25-cv-02620-DMG-AGR (the "*Crume* Action" and, together with the *Maloney* Action, the "Related Actions") (*see* Dkt. Nos. 33, 37, 44), and (2) their joint request for appointment as Co-Lead Plaintiffs in the anticipated consolidated action (the "Consolidated Action"), pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), as set forth in their Stipulation (Dkt. No. 44).

## I.     PRELIMINARY STATEMENT

The Related Actions are putative securities class action lawsuits on behalf of investors in Mullen Automotive, Inc. ("Mullen") securities.  Given the substantial overlap of law and facts, consolidation of the Related Actions is appropriate, as all the initial movants for lead plaintiff agreed.

After consolidation, the Court must next appoint a lead plaintiff.  As with all federal class action securities lawsuits, the PSLRA governs the lead plaintiff appointment process.  Pursuant to the PSLRA, the Court must appoint as lead plaintiff the movant or group of movants with the largest financial interest in the outcome of the action and who

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, the presumptive "most adequate plaintiffs" in this litigation are Persad and Jafri. As set forth in their respective motions (Dkt. Nos. 33, 37) and Stipulation (Dkt. No. 44), Persad and Jafri claim the largest and second-largest financial interests in this litigation, having respectively incurred losses of approximately $872,907 (Persad) and $610,874 (Jafri). The two other movants—(1) Chistian Chiarelli and CJC Prime Investments LLC (jointly) (together, "Chiarelli") and (2) Ali Abualburak ("Abualburak")— that initially filed competing lead plaintiff motions (Dkt. Nos. 30, 26) have smaller alleged investment losses than Persad and Jafri and subsequently filed notices stating their non-opposition to Persad and Jafri's competing motions (Dkt. Nos. 42, 43). Persad and Jafri also respectfully submit that each of them satisfies Rule 23's adequacy and typicality requirements. Accordingly, on April 21, 2025, Persad and Jafri submitted a Stipulation providing for consolidation of the Related Actions and requesting appointment as Co-Lead Plaintiffs. Dkt. No. 44.

On April 21, 2025, after Persad and Jafri filed their stipulation, Cayden Crume ("Crume"), a plaintiff in the second-filed *Crume* Action, filed a memorandum of points and authorities stating his opposition to consolidation of the Related Actions and requesting, in the alternative, that he be appointed to a supplemental Co-Lead Plaintiff role in the Consolidated Action (the "Opposition") (Dkt. No. 45).

On April 22, 2025, prior to the reassignment of the Related Actions to this Court, the Honorable Mark C. Scarsi ordered Crume's Opposition to be stricken, finding that the Opposition improperly contained a request for substantive relief (the "'alternative' application appointing Crume as Lead Plaintiff'"—that should have been submitted via a "formal motion". *See* Dkt. Nos. 46, 47. As of the filing of this reply, Crume has not filed a corrected opposition or formal motion.

Notwithstanding Judge Scarsi's Order striking Crume's Opposition, in the interest of providing this Court with a more complete record of the relevant factual and legal issues, Persad and Jafri hereby respond to the substantive arguments raised therein.

## II.    ARGUMENT

### A.    CONSOLIDATION OF THE RELATED ACTIONS IS WARRANTED

Crume urges the Court not to consolidate the *Maloney* and *Crume* Actions because the two Related Actions allege different Class Periods—in *Maloney*, February 3, 2023 through March 13, 2025, inclusive (*Maloney* Action Dkt. No. 1 ¶ 1), and in *Crume*, May 2022 through "the date of filing of" the *Crume* Action (*Crume* Action Dkt. No. 1 ¶ 1)— and that the *Crume* action also includes "consumer protection unjust enrichment claim[s]" while *Maloney* does not. *See* Dkt. No. 45-2 at 4. These differences are insufficient reasons to deny consolidation.

Fed. R. Civ. P. 42(a) provides that consolidation is appropriate "[if] actions . . . involve a common question of law or fact[.]" Actions need not allege wholly identical

claims to warrant consolidation. *See, e.g.*, *Hacker v. Peterschmidt*, No. C 06-03468, 2006 WL 2925683, at *1-3 (N.D. Cal. Oct. 11, 2006) (consolidating four cases variously asserting both federal securities law claims and unjust enrichment claims, finding that the cases "involve[d] common questions of law and fact", "all ar[ose] from the same alleged [misconduct]" and "allege[d] substantially overlapping causes of action"); *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, *2 (N.D. Cal. Aug. 19, 2002) (consolidating actions, rejecting argument that "consolidation of [plaintiff's] complaint with the [other] actions is inappropriate in light of the different claims alleged"). Nor must putative class actions allege wholly identical class periods to be suitable for consolidation. *See, e.g.*, *Duffaydar v. Sonder Holdings Inc.*, No. 2:24-cv-02952-ODW (JCx), 2024 WL 4454910, at *2 (C.D. Cal. Oct. 09, 2024) (consolidating securities class actions alleging differing class periods); *Sayce v. Forescout Techs., Inc.*, No. 20-cv-00076-SI, 2020 WL 4207444, at *3 (N.D. Cal. July 22, 2020) (same, consolidating action alleging an eight-month class period with action alleging an overlapping 15-month class period, finding that "[d]ifferences in class periods, parties, or damages among the suits do not necessarily defeat consolidation, so long as the essential claims and facts alleged in each case are similar.").

Here, as set forth in Persad and Jafri's respective motion briefs, consolidation of the Related Actions is warranted and indeed mandated. Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of

violations of, *inter alia*, Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder, by overlapping Defendants arising from the public dissemination of false and misleading information to investors. *See* Dkt. No. 34 at 3-4; Dkt. No. 38 at 6-7. For example, both the *Maloney* and *Crume* Actions focus heavily on Mullen's history of reverse stock splits, the Company's Global EV Technology ("GEVT") joint venture with Mullen Advanced Energy Operations ("MAEO") and Lawrence Hardge, and both discuss the Company's stock price falling 99% between April 2023 and April 2024. *See id.* Both the *Maloney* and *Crume* Complaints allege that the Defendants made false statements regarding, *inter alia*, the purported advantages of the GEVT joint venture (*see, e.g., Maloney* Action Dkt. No. 1 ¶¶ 22-24; *Crume* Action Dkt. No. 1 ¶¶ 37-46) and consistently misled Mullen investors regarding the Company's intentions to effectuate various reverse stock splits throughout the Class Period. *See, e.g., Maloney* Action Dkt. No. 1 ¶¶ 17-19; *Crume* Action Dkt. No. 1 ¶ 74. Notably, both movants who initially filed and subsequent abandoned their Lead Plaintiff motions either sought or expressed an intent to subsequently seek consolidation of the Related Actions. *See* Dkt. No. 27 at 8-9 (Abualburak arguing for consolidation of the Related Actions); Dkt. No. 31 (Chiarelli stating an "inten[t] to file a motion to consolidate the [Related Actions]" if appointed Lead Plaintiff). Indeed, Crume alone opposes consolidation of the Related Actions.[1]

---

[1] In addition to the *Maloney* and *Crume* Action, Crume's brief describes a third case, *In re Mullen Automotive Inc. Sec. Litig.*, No. 2:22-cv-03026-DMG-AGR (C.D. Cal.)

## B.   CRUME'S REQUEST FOR APPOINTMENT AS A CO-LEAD PLAINTIFF SHOULD BE DENIED

Crume also argues, in the alternative, that if the Court consolidates the Related Actions, it should appoint him as a "Co-Lead Plaintiff to protect claims as applicable to investors." Dkt. No. 45-2 at 6.

First, Crume's request for appointment as a Lead Plaintiff in the Consolidated Action is untimely, because the statutory deadline to seek appointment as Lead Plaintiff in this litigation was April 14, 2025. A principal Congressional goal in enacting the PSLRA "was to establish an orderly, competitive process through which aspiring class representatives could prove their merits." *Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 64 (S.D.N.Y. 2022). To that end, when two or more related actions are filed, the PSLRA's statutory framework provides that Class members be advised, via the required notice of pendency, of only a ***single*** deadline to seek appointment as Lead Plaintiff (60 days after the filing of the first action), and requires courts to adjudicate any motion(s) for consolidation of related actions before appointing a lead plaintiff—the result being a consolidated action under unified leadership. *See*, *e.g.*, *Hufnagle v. Rino Int'l*

("*Mullen I*"), as one of "[t]he related cases at issue here". Dkt. No. 45-2 at 1. However, neither Persad, Jafri, or any of the other putative class members who initially filed lead plaintiff motions in this litigation have sought to consolidate *Maloney* and *Crume* with *Mullen I*, and *Crume* has not explained how, precisely, *Mullen I* is "at issue" in the instant motion practice. Indeed, *Mullen I*, in which the Court granted preliminary approval of a settlement in September 2024 (*see Mullen I* Dkt. No. 98), involved alleged false and misleading statements concerning, *inter alia*, customer orders, battery testing, manufacturing facilities, and commercial partnerships before and after the reverse merger of Mullen's corporate predecessor with Net Element Inc. in November 2021. *See generally Mullen I* Dkt. No. 42. Moreover, *Mullen I*'s class period ended in April 2022 and thus does not overlap with the Class Period at issue in the Related Actions, which begins in May 2022.

MEMORANDUM OF POINTS AND AUTHORITIES - 2:25-cv-01187-MCS-JDE; 2:25-cv-02620-DMG-AGR

6

*Corp.*, No. CV 10-8695-VBF(VBKx), 2011 WL 710704, at *2 (C.D. Cal. Feb. 14, 2011) ("Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money.").

Here, as discussed *supra* at Section II.A., the *Maloney* and *Crume* Actions plainly "assert[] substantially the same [federal securities] claims" within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(A)(ii). Accordingly, pursuant to the statute, the deadline to seek appointment as Lead Plaintiff in this litigation was April 14, 2025—that is, 60 days after publication of the notice of pendency of the *Maloney* Action. Crume's request, made on April 21, 2025, was thus seven days late. This fact alone mandates denial of Crume's request. *See*, *e.g.*, *Carson v. Clarent Corp.*, No. C 01-03361 CRB, 2001 WL 1782712, at *2 (N.D. Cal. Dec. 14, 2001) (denying belatedly filed lead plaintiff motion); *Gutman v. Wilfrid Glob. Opportunity Fund LP*, No. 15 Civ. 7192 (CM), 2015 WL 13791788, at *1-3 (S.D.N.Y. Dec. 08, 2015) (same).

Crume contends, however, that his "motion to be lead plaintiff is timely in the *Crume* action" because "the date for filing a Lead Plaintiff application in that action would be due sixty days after the notice of publication for lead plaintiff in that action, and not [the] April 15, 2025 [*sic*] deadline in the Maloney action." Dkt. No. 45-2 at 4. As an initial matter, Crume incorrectly states that the lead plaintiff motion deadline in the

*Maloney* Action was April 15, 2025, when it was in fact April *14*, 2025.  *See, e.g.*, Dkt. No. 39-2.  Moreover, even if Crume were correct (he is not) that a different motion deadline applied to the *Crume* Action, Crume's counsel does not appear to have published *any* notice of pendency of the *Crume* Action.  The PSLRA requires that notice of pendency of a complaint be published "[n]ot later than 20 days after the date on which the complaint is filed".  15 U.S.C. § 78u-4(a)(3)(A)(i).  Crume filed his Complaint on March 26, 2025.  *See Crume* Dkt. No. 1.  Pursuant to the statute, any notice of pendency of the *Crume* Action was thus required to be published on or before April 15, 2025 (*i.e.*, 20 days after March 26, 2025).  Yet Crume has not provided the Court with a copy of any notice of pendency of the *Crume* Action, and Internet searches conducted by Persad and Jafri's counsel have not located any such notice.  Having apparently disregarded the PSLRA's notice requirement, Crume may not now invoke it to cure the lateness of his Lead Plaintiff motion by claiming it "is timely in the *Crume* action".  Dkt. No. 45-2.  *See King v. Livent, Inc.*, 36 F. Supp. 2d 187, 189-90 (S.D.N.Y. 1999) (denying motion for lead plaintiff appointment, finding it "defective for failure to comply with" the PSLRA's notice requirement); *In re White Elec. Designs Corp. Sec. Litig.*, 416 F. Supp. 2d 754, 777 (D. Ari. 2006) (granting motion to strike a plaintiff's federal securities law claims for lack of standing to represent the proposed class because plaintiff "did not comply with PSLRA's notice requirement").

Second, even assuming *arguendo* that Crume had timely filed his request for Lead Plaintiff appointment, Crume does not satisfy the PSLRA's criteria for appointment as Lead Plaintiff. The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a *prima facie* showing that they meet the requirements of Rule 23. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

Here, as discussed *supra* at pp. 1-2 and in their Stipulation, Persad and Jafri are the presumptive "most adequate plaintiffs" of the Class, having claimed investment losses of $872,907 and $610,874, respectively (the largest among the four timely movants), and having made the requisite *prima facie* showings of their adequacy and typicality under Rule 23. Crume, for his part, has not asserted any specific loss figure in connection with his request, but he expressly concedes that he lacks the largest financial interest in this litigation. *See* Dkt. No. 45-2 at 7 ("While Crume['s] Financial Injury May Not Be the Largest . . ."). It is thus undisputed that Persad and Jafri claim larger financial interests in this litigation than Crume. Moreover, Crume has not even argued, let alone demonstrated, that either Persad or Jafri "will not fairly and adequately protect the interests of the class"

or are "subject to unique defenses that render [them] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb). Accordingly, Persad and Jafri have secured the "most adequate plaintiff" presumption in this litigation, and the presumption in their favor remains unrebutted. It is thus self-evident that Crume does ***not*** satisfy the statutory criteria for appointment as Lead Plaintiff in this litigation.

Finally, Crume briefly argues that "because his claims encompass both securities and consumer protection laws", his appointment "would satisfy the Fed. R. Civ. P. 23's aim of having the Class represented by an investor with a significant stake in the outcome of the litigation." Dkt. No. 45-2 at 8. Crume also vaguely asserts that he "brings forward issues that are not currently before the Court." *Id.* at 6. Yet as addressed *supra* at pp. 1-2, the PSLRA plainly states the only criteria for appointment as Lead Plaintiff—*i.e.*, possessing the largest financial interest and satisfying the relevant Rule 23 criteria—and the statute's Lead Plaintiff appointment process gives no weight to any other considerations. The Lead Plaintiff in a PSLRA action need not have "standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim" available to class members. *In re CTI BioPharma Corp. Sec. Litig.*, No. C16-216RSL, 2016 WL 7805876, at *2-5 (W.D. Wash. Sept. 2, 2016) (in class action alleging violations of both the Securities Exchange Act of 1934 ("Exchange Act") and

Securities Act of 1933 ("Securities Act"), appointing Lead Plaintiff who only had standing to pursue Securities Act claims). *See also Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666, 669-72 (C.D. Cal. 2005) (appointing Lead Plaintiff who only had standing to pursue Exchange Act claims but alleged the largest financial interest, noting that "'[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action'" (quoting *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004)). Any claims that Crume may have against the Defendants under consumer protection laws, or any other unspecified "issues" that Crume's appointment to a leadership role would "bring forward", are therefore irrelevant to his appointment to a leadership role in a federal securities class action pursuant to the PSLRA. Crume has not cited a single case in which a court considered non-securities claims or other miscellaneous, extra-statutory criteria in appointing a Lead Plaintiff in a PSLRA action.

## III. CONCLUSION

For the foregoing reasons, Persad and Jafri respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Persad and Jafri as Co-Lead Plaintiffs for the Class; and (3) approving Robbins and Pomerantz as Co-Lead Counsel for the Class.

Dated: May 2, 2025                    Respectfully submitted,

                                      POMERANTZ LLP

                                      */s/ Jennifer Pafiti*
                                      Jennifer Pafiti (SBN 282790)

1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Muhammad Jafri and
Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movant Muhammad
Jafri*

ROBBINS LLP
Brian J. Robbins (SBN 190264)
Stephen J. Oddo (SBN 174828)
Gregory E. Del Gaizo (SBN 247319)
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991
brobbins@robbinsllp.com
soddo@robbinsllp.com
gdelgaizo@robbinsllp.com

*Counsel for Movant Teeluck Persad*

CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti