UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-1187-DMG (AGRx)**<br>**CV 25-2620-DMG (AGRx)** | Date | May 15, 2025 |
|---|---|---|---|

| Title | *Jennifer Maloney v. Mullen Automotive, Inc., et al.*<br>*Cayden Crume, et al. v. Mullen Automotive, Inc., et al.* | Page | **1** of **6** |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE MOTIONS TO CONSOLIDATE AND FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL [26] [30] [33] [37]**

**I.
INTRODUCTION**

On February 12, 2025, Plaintiff Jennifer Maloney filed a complaint against Defendants Mullen Automotive, Inc., f/k/a Net Element, Inc., David Michery, and Jonathan New, asserting violations of federal securities laws on behalf of a proposed class. [*Maloney*, Case No. CV 25-1187-DMG (AGRx), Doc. # 1.] On March 26, 2025, Plaintiffs Cayden Crume, James LeGrand, and Todd Holton filed a complaint against the same Defendants, plus Defendant Oleg Firer, asserting nearly identical claims under federal securities laws, plus an additional claim for unjust enrichment, on behalf of a proposed class. [*Crume*, Case No. CV 25-2620-DMG (AGRx), Doc. # 1.][1]

On April 14, 2025, Movants Ali Abualburak, Christian Chiarelli, CJC Prime Investments, LLC ("CJC"), Teeluck Persad, and Muhammad Jafri filed motions to consolidate the cases, for appointment as lead plaintiff, and for their attorneys to be designated as class counsel. [Doc. ## 26 (Abualburak), 30 (Chiarelli and CJC), 33 (Persad), 37 (Jafri).] Abualburak, Chiarelli, and CJC subsequently filed notices stating that, among the individuals moving to be appointed lead plaintiff, they do not have the largest financial interest in this litigation, and that they do not oppose the other motions. [Doc. ## 42 (Abualburak), 43 (Chiarelli and CJC).] Crume filed an opposition, however, objecting to consolidation of the two actions or, in the alternative, requesting to be appointed as a co-lead plaintiff if the actions are consolidated. [Doc. # 45 ("Opp.").] On May 2,

---

[1] All docket citations hereinafter refer to the *Maloney* docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-1187-DMG (AGRx)**<br>**CV 25-2620-DMG (AGRx)** | Date | May 15, 2025 |
|---|---|---|---|
| Title | *Jennifer Maloney v. Mullen Automotive, Inc., et al.*<br>*Cayden Crume, et al. v. Mullen Automotive, Inc., et al.* | Page | **2** of **6** |

2025, Jafri filed a Reply requesting that the Court appoint him and Persad as co-lead Plaintiffs. [Doc. # 52 ("Reply").]

For the reasons set forth below, the Court **GRANTS** Jafri's motion to consolidate cases and for appointment of Jafri and Persad as co-lead Plaintiffs, and for Persad and Jafri's attorneys' appointment as co-lead counsel.

## II.
## DISCUSSION

### A.   Consolidation

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions pending before it if they "involve a common question of law or fact." *See* Fed. R. Civ. P. 42(a); *see also Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (district courts have broad discretion whether to consolidate actions) (citing *Investor's Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (in determining whether consolidation is appropriate, courts weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause.")

Consolidation of the *Maloney* and *Crume* actions is appropriate because common questions of law and fact are likely to arise. Crume objects to consolidation on the basis that: (1) the *Crume* action includes consumer law claims, where *Maloney* does not, and (2) "the class period in the *Crume* action is [] from March 26, 2023 and *ongoing*[2] whereas in the *Maloney* action, [the class period] is limited to February 3, 2023 to March 13, 2025." Opp. at 2 (emphasis in original). Neither Rule 42 nor the Private Securities Litigation Reform Act ("PSLRA") "demands that the actions be identical before they may be consolidated." *See Gaspard v. DEA Task Force*, No. CV 15-1802-VBF (KESx), 2019 WL 856859, at *2 (C.D. Cal. Jan. 24, 2019) (quoting *Takeda v.*

---

[2] Crume asserts that his complaint defined the class period as "ongoing," but his complaint actually defined the class period as "between May 2022 and the date of filing this Complaint, inclusive" at one point (*Crume* Compl. ¶ 1) and as "time period of March, 2023to [sic] March, 2025" at another (*Crume* Compl. ¶ 77). At no point was it defined as being "ongoing." Because Crume also asserts that the class period was "from March 26, 2023" in his Opposition to the Motion to Consolidate, the Court will construe Crume's proposed Class Period as having been from March 26, 2023 until March 26, 2025 (the filing date of Crume's Complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-1187-DMG (AGRx)**<br>**CV 25-2620-DMG (AGRx)** | Date | May 15, 2025 |
|---|---|---|---|
| Title | *Jennifer Maloney v. Mullen Automotive, Inc., et al.*<br>*Cayden Crume, et al. v. Mullen Automotive, Inc., et al.* | Page | **3** of **6** |

*Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (internal quotations omitted)). Accordingly, these minor differences between the actions do not outweigh the benefits of consolidation. *See Takeda*, 67 F. Supp. 2d at 1133 ("Courts have generally held that differing class periods alone will not defeat consolidation or create a conflict"); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003) ("Differences in class periods, parties, or damages among the suits do not necessarily defeat consolidation, so long as the essential claims and facts alleged in each case are similar"); *see also, e.g.*, *Parker v. Country Oaks Partners, LLC*, No. CV 23-0195-WLH (KESx), 2024 WL 4868658, at *2 (consolidating actions with different class periods); *Hacker v. Peterschmidt*, No. CV 06-3468, 2006 WL 2925683, at *1–*2 (N.D. Cal. Oct. 11, 2006) (consolidating four actions with some, but not entirely, overlapping claims).

Here, three of the four defendants in *Crume* were named in *Maloney*; the class period proposed in *Crume* extends only 13 days past the class period in *Maloney*; and both actions arise from the alleged dissemination of false and misleading information to investors. Common questions of law and fact are therefore likely to arise. The Court concludes that consolidation is appropriate.

**B.     Co-Lead Plaintiffs**

The PSLRA governs securities class actions and establishes the process for appointing a lead plaintiff in securities fraud cases. 15 U.S.C. § 78u-4; *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *In re Cavanaugh*, 306 F.3d at 729 (citations and internal quotations omitted); 15 U.S.C. § 78u-4(a)(3)(A). Within 60 days of the publication of that notice, members of the proposed class may move for appointment as the lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The district court must then "consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and [who] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Cavanaugh*, 306 F.3d at 729-30 (citations and internal quotations omitted); *see also* § 78u-4(a)(3)(A)(iii)(I).[3] Finally, the

---

[3] At this stage of the proceedings, the Court focuses on the Rule 23 factors of typicality and adequacy. *See In re Cavanaugh*, 306 F.3d at 730. Plaintiffs seeking appointment as lead plaintiff need only make a preliminary showing of compliance. *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999). A finding of adequacy under Rule 23 at this stage does not preclude any party from contesting the ultimate class certification. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-1187-DMG (AGRx)**<br>**CV 25-2620-DMG (AGRx)** | Date | May 15, 2025 |
|---|---|---|---|
| Title | ***Jennifer Maloney v. Mullen Automotive, Inc., et al.***<br>***Cayden Crume, et al. v. Mullen Automotive, Inc., et al.*** | Page | **4** of **6** |

court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d at 730 (citations and internal quotations omitted).

All Movants except for Crume contend that the Court should appoint Teeluck Persad and Muhammad Jafri as co-lead Plaintiffs because they have the largest and second-largest financial interests in this litigation, respectively. Crume concedes that he does not have the largest financial interest in the litigation, and indeed, his financial interest is lowest of any of the Movants. *See* [Doc. # 45-6 (showing Crume's total loss as $126,569.45)]; [Doc. # 28-3 (showing Abualburak's loss as $498,268.66); [Doc. # 32-3 (showing Chiarelli's loss as $574,070.15)]; [Doc. # 35-3 (showing Persad's loss as $872,907.12)]; [Doc. # 39-1 (showing Jafri's loss as $610,874)]. Further, while Crume is correct that he is the only Plaintiff who asserted an unjust enrichment claim, "because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim."[4] *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 669 (C.D. Cal. 2005) (quoting *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004)). The Court therefore declines to appoint Crume as a co-lead Plaintiff because he does not have the largest financial stake in this litigation and has failed to rebut the presumption that Persad and Jafri should be appointed as co-lead Plaintiffs.

---

[4] California appellate courts are not of one mind as to whether unjust enrichment is even cognizable as a separate cause of action. *Compare Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726-28 (2000) (affirming judgment for plaintiff on unjust enrichment claim), *with McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) ("Unjust enrichment is not a cause of action, however, or even a remedy, but rather a general principle, underlying various legal doctrines and remedies." (internal quotation omitted)). The phrase "unjust enrichment" does not describe a theory of recovery, but rather an effect: "the result of a failure to make restitution under circumstances where it is equitable to do so." *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992), *cited with approval in Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal. 4th 303, 1168. As the California Supreme Court has said, a common law claim for unjust enrichment is essentially an action for restitution. *Cruz*, 30 Cal. 4th at 320. In this Court's view, there is no separate cause of action under California law for unjust enrichment. Nonetheless, Ninth Circuit precedent, which is binding on this Court, assumes that an unjust enrichment claim is synonymous with a quasi-contract claim, without any discussion of the countervailing California case law. *See Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 743 n.4 (9th Cir. 2024) ("[U]njust enrichment is a quasi-contract cause of action."). Without deciding the viability of the unjust enrichment claim at this juncture, the Court takes into account the equitable nature of this remedial theory in deciding that the assertion of such a claim in the *Crume* action does not impede consolidation of the actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-1187-DMG (AGRx)**<br>**CV 25-2620-DMG (AGRx)** | Date | May 15, 2025 |
|---|---|---|---|

| Title | *Jennifer Maloney v. Mullen Automotive, Inc., et al.*<br>*Cayden Crume, et al. v. Mullen Automotive, Inc., et al.* | Page | **5** of **6** |
|---|---|---|---|

  Persad and Jafri also satisfy Rule 23's typicality and adequacy requirements. "Under [Rule 23's] permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Persad and Jafri's claims are typical in that they purchased shares in Mullen Automotive during the class period (*i.e.*, between February 3, 2023 and March 13, 2025). *See* Declaration of Gregory E. Del Gaizo ("Del Gaizo Decl."), Ex. B [Doc. # 35-2 (sworn certification by Persad showing his transactions in Mullen Automotive during the class period)]; Declaration of Jennifer Pafiti ("Pafiti Decl."), Ex. C [Doc. # 39-3 (sworn certification by Jafri showing his transactions in Mullen Automotive during the class period)]. Representation by a lead plaintiff is "adequate" when class counsel is qualified and competent to prosecute the action vigorously, and the representative does not have "antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Both Persad and Jafri have stated that they will vigorously prosecute the action, and their counsel are competent and qualified. *See* Del Gaizo Decl., Ex. B (certification signed by Persad), Ex. D (Robbins LLP resume); Pafiti Decl., Ex. C (certification signed by Jafri), Ex. E (Pomerantz LLP resume). Nothing before the Court indicates that either Persad's or Jafri's interests are antagonistic to those of the class.

  Because Persad and Jafri have shown that they have the largest financial stakes in this litigation of the proposed lead plaintiffs and have made a *prima facie* showing that they satisfy Rule 23's typicality and adequacy requirements, they have created a rebuttable presumption that they are the most adequate Lead Plaintiffs. Crume's arguments otherwise are insufficient to rebut this presumption. Accordingly, Persad and Jafri satisfy the requirements to be appointed as co-Lead Plaintiffs.

**C.**  **Co-Lead Counsel**

  Under 15 U.S.C. § 78u-4(a)(3)(B)(v), "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." Persad and Jafri request that their counsel—Robbins LLP and Pomerantz LLP, respectively—be appointed as co-lead counsel. The Court is satisfied that Robbins LLP and Pomerantz LLP are experienced and qualified and can adequately represent Persad, Jafri, and the putative class.

//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-1187-DMG (AGRx)**<br>**CV 25-2620-DMG (AGRx)** | Date | May 15, 2025 |
|---|---|---|---|

| Title | *Jennifer Maloney v. Mullen Automotive, Inc., et al.*<br>*Cayden Crume, et al. v. Mullen Automotive, Inc., et al.* | Page | **6** of **6** |
|---|---|---|---|

## III.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Persad's and Jafri's motions and **DENIES as moot** Abualburak's and Chiarelli and CJC's motions. The Court **ORDERS** that the cases be consolidated under the caption, *In re Mullen Automotive, Inc. Securities Litigation II*, Case No. 25-1187-DMG (AGRx), and that the *Crume* case, Case No. CV 25-2620-DMG (AGRx), be administratively closed. All material documents filed in the *Crume* case are deemed to have been filed in the consolidated case. The Court **APPOINTS** Persad and Jafri as co-lead Plaintiffs of this consolidated action and Robbins LLP and Pomerantz LLP as co-lead counsel.

Lead Plaintiffs and Defendants shall promptly meet and confer regarding the schedule for the filing of a consolidated complaint or designation of an operative complaint, and the response thereto. The parties shall submit a joint stipulation with a proposed schedule by **May 30, 2025**.

**IT IS SO ORDERED.**