Jenny Pelaez (Bar No. 326765)
 *jpelaez@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Brian P. Miller (*pro hac vice*)
 *bmiller@kslaw.com*
Samantha J. Kavanaugh (*pro hac vice*)
 *skavanaugh@kslaw.com*
Ross E. Linzer (*pro hac vice*)
 *rlinzer@kslaw.com*
KING & SPALDING LLP
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, Florida  33131
Telephone:  (305) 462-6000
Facsimile:   (305) 462-6100

Attorneys for Defendants Bollinger Innovations, Inc.
f/k/a Mullen Automotive, Inc., David Michery, and Jonathan New

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION II | Case No. 2:25-cv-01187-DMG-AGR |
| | **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE** |
| | Honorable Dolly M. Gee |
| | Date: March 6, 2026<br>Time: 9:30 a.m.<br>Courtroom No.: 8C |
| | First Amended Complaint Filed: July 30, 2025 |

# INTRODUCTION

Under Federal Rule of Evidence 201 and the Private Securities Litigation Reform Act ("PSLRA"), the Court may—and in the case of cautionary language accompanying forward-looking statements, <u>must</u>—consider public SEC filings at the pleading stage.

Defendants Bollinger Innovations, Inc. f/k/a Mullen Automotive, Inc., David Michery, and Jonathan New ("Defendants") seek notice and consideration of these filings for the limited purposes of (i) evaluating application of the PSLRA's safe harbor for forward-looking statements, and (ii) establishing what information was publicly available to reasonable investors at the time the challenged statements were made. To this end, Defendants' Request for Judicial Notice asks the Court to take judicial notice of the contents of 28 exhibits filed in support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss"). *See* Dkt. 75 (RJN). In response, Plaintiffs specifically object to the Court taking judicial notice as to only seven of the exhibits. *See* Dkt. 81 (RJN Response). Each exhibit disputed by Co-Lead Plaintiffs Muhammad Jaffri and Teeluck Persad ("Plaintiffs") is a public SEC filing whose existence, contents, and timing cannot reasonably be questioned.

There is no merit to Plaintiffs' objection, as explained below. The Court should take judicial notice as to all 28 exhibits provided in connection with Defendants' Motion to Dismiss.

# ARGUMENT

"In ruling on a 12(b)(6) motion to dismiss, the Court 'must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The Court can take judicial notice of a document that is not subject to reasonable dispute and capable of accurate and ready determination by reference to sources whose accuracy cannot reasonably be questioned. *Id.* (quoting Fed. R. Evid.

1

201(b)).  All the exhibits offered in support of Defendants' motion to dismiss satisfy this standard.

All 28 of the exhibits are "[p]ublic records, such as SEC filings" that "are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case."  *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1232 n.2 (N.D. Cal. 2008).  All but one of the exhibits is a copy of a document filed with the SEC, and the one non-SEC filing is a publicly available press release.  *See* Dkt. 75.  The SEC filings "are subject to judicial notice as sources whose accuracy cannot reasonably be questioned."  *Smith v. NetApp, Inc.*, No. 19-cv-04801, 2021 WL 1233354, at *4 (N.D. Cal. Feb. 1, 2021).  The press release reflected in Exhibit 23 is subject to judicial notice because it is publicly available, and the Court may also consider it because it is incorporated by reference into the Complaint.  *See* Dkt. 63 ¶ 179; *In re Ditech Commc'ns Corp. Sec. Litig.*, No. 05-cv-02406, 2006 WL 2319784, at *5 (N.D. Cal. Aug. 10, 2006) (taking judicial notice of a press release and also noting that it was referenced in the plaintiff's securities fraud complaint).

Moreover, Plaintiffs do not dispute the authenticity of any of the exhibits.  *See Lefter v. Yirendai Ltd.*, No. 16-cv-06437, 2017 WL 2857535, at *2 (C.D. Cal. June 20, 2017) (taking judicial notice of exhibits filed in support of a motion to dismiss securities fraud claims).

Defendants limited their submission to documents cited in the Amended Complaint and documents necessary to evaluate the challenged statements, which is consistent with the Ninth Circuit law.  *See, e.g.*, *Kipling v. Flex Ltd.*, No. 18-cv-02706, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020), (noting the rule that parties should not "pile on" documents to their motion to dismiss and taking judicial notice of documents reflecting challenged statements and the context for the same).

As to 21 of the exhibits, Plaintiffs acknowledge that they were relied upon in the First Amended Complaint, and represent that they take no position as to

Defendants' submission of those documents.  Plaintiffs ask the Court to limit consideration to the fact these documents were issued, and not the truth of their contents.  Defendants agree: the filings are offered to establish their existence and timing; to supply the necessary full context in which the challenged statements were made; and to permit evaluation of the PSLRA safe harbor's cautionary-language prong.  The Court can consider the documents for these purposes without assessing the truth of their contents, and thus it is appropriate for the Court to take judicial notice of the contents of these documents.  *See Hadian v. Fate Therapeutics, Inc.*, No. 3:23-cv-00111, 2024 WL 4246083, at *11-12 (S.D. Cal. Sept. 19, 2024) (collecting cases); *Jaszczyszyn v. SunPower Corp.*, No. 22-cv-00956, 2024 WL 3463348, at *3 (N.D. Cal. July 17, 2024).

For the remaining seven exhibits (Exhibits 4, 15, 17, 19-21, and 26), Plaintiffs assert that the Court should not take judicial notice of their contents.  Plaintiffs argue that these seven exhibits are "cherry-picked filings that are outside the Complaint" and used to "dispute" the Complaint's allegations.  That is not the case.  These seven exhibits are not cherry-picked.  Each is a public SEC filing that contains the cautionary statements the PSLRA requires this Court to consider on a motion to dismiss, and each reflects information publicly available to investors when the challenged statements were made.  *See* Dkt. 75 at 5-7 (specifying that each of the seven exhibits "contains risk factors").

The PSLRA <u>requires</u> the Court to consider cautionary language accompanying forward-looking statements alleged to be false and misleading.  *See* 15 U.S.C. § 78u-5(e) ("On any motion to dismiss based upon [the PSLRA's safe harbor for forward-looking statements], the court <u>shall</u> consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant.") (emphasis added); *see also* Dkt 77 at 6 (citing 15 U.S.C. § 78u-5(e)).  The Court also can consider and take judicial notice of the risk factor disclosures because they are

3

"information that was publicly available to reasonable investors at the time the defendant[s] made the allegedly false statements." *In re Copper Mt. Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004).

Contrary to Plaintiffs' argument that these documents are "outside the Complaint," they are directly related to the statements challenged by Plaintiffs as false or misleading because they either relate to whether the PSLRA's safe-harbor applies to challenged forward-looking statements, or demonstrate what information was available to the market at the relevant time—*i.e.*, they show context for the statements. Both are indisputably proper bases for consideration of the documents, and thus judicial notice. *See In re Intel Corp. Sec. Litig.*, No. 5:20-cv-05194, 2023 WL 2767779, at *8 (N.D. Cal. Mar. 31, 2023) (taking judicial notice of exhibits containing cautionary language because they were "relevant to the Court's analysis of whether safe harbor protections apply"); *Jaszczyszyn*, No. 22-cv-00956, 2024 WL 3463348, at *3 (explaining that "publicly available documents representing information disclosed to the market … are subject to judicial notice"). And while Plaintiffs imply that the Court cannot take judicial notice of the documents because they are not "referenced" in the Complaint, they are mistaken. *See Glenbrook Cap. Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (explaining that a court "may take judicial notice of documents … even if they are not explicitly incorporated into the complaint").

Plaintiffs also argue that Defendants "principally cite" the documents to "dispute" the Complaint's allegations. But there is nothing improper about citing the documents for their cautionary language and to provide the Court with context as to what information was available to the market. *See Kampe v. Volta Inc.*, No. 22-cv-02055, 2024 WL 4534732, at *5, n.1 (N.D. Cal. Oct. 21, 2024) (rejecting plaintiffs' argument that defendants used exhibits "to improperly manufacture a factual dispute regarding whether the exhibits warned investors of certain risks at issue"). Nor is the fact that the disclosures were made "an improper factual

inference." *Grossman v. Sin*, No. 2:23-cv-09501, 2025 WL 1330087, at *11 (C.D. Cal. Mar. 31, 2025). Instead, Plaintiffs primarily take issue "with how [they] perceive[] Defendants to be using these exhibits." *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1144 (C.D. Cal. 2018). That is not a basis to refuse to take judicial notice of Exhibits 4, 15, 17, 19-21, and 26. *See McGuire v. Dendreon Corp.*, No. 07-cv-800, 2008 WL 5130042, at *3 (W.D. Wash. Dec. 5, 2008) ("Absent evidence of an improper purpose, such documents are properly subject to judicial notice.").

Accordingly, the Court should overrule Plaintiffs' objections and take judicial notice as to all 28 exhibits submitted in support of Defendants' Motion to Dismiss.

## CONCLUSION

For the reasons stated herein and in Defendants' Request for Judicial Notice, Defendants respectfully request that the Court take judicial notice of the documents attached as Exhibits 1-28 to Defendants' Motion to Dismiss.

DATED: December 12, 2025          **KING & SPALDING LLP**

By: */s/ Jenny Pelaez*
JENNY PELAEZ
BRIAN P. MILLER
SAMANTHA J. KAVANAUGH
ROSS E. LINZER

Attorneys for Defendants Bollinger Innovations, Inc. f/k/a Mullen Automotive, Inc., David Michery, and Jonathan New

5

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Mullen Automotive, Inc. n/k/a Bollinger Innovations, Inc., David Michery, and Jonathan New certifies that this brief contains 1,487 words, which complies with the word limit of L.R. 11-6.1.

/s/ Jenny Pelaez
JENNY PELAEZ