POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs and the Proposed Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. SECURITIES LITIGATION II | Case No. 2:25-cv-01187-DMG-AGR <br><br> <u>CLASS ACTION</u> <br><br> **JOINT NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Honorable Dolly M. Gee <br><br> Date: March 6, 2026 <br> Time: 9:30 a.m. <br> Courtroom No.: 8C <br><br> First Amended Complaint Filed: July 30, 2025 |

Through this Notice of Supplemental Authority, Co-Lead Plaintiffs Muhammad Jafri and Teeluck Persad (collectively, "Plaintiffs") and Defendants Mullen Automotive, Inc., David Michery, and Jonathan New (collectively, "Defendants," and together with Plaintiffs, the "Parties") notify the Court that on February 4, 2026, the United States Court of Appeals for the Ninth Circuit issued an Order in *Constr. Laborers Pension Tr. of Greater St. Louis v. Funko Inc.*, Case No. 24-4909, affirming in part and reversing in part the District Court's order dismissing the plaintiffs' amended complaint, and remanding the case back to the District Court. The Order is attached hereto as **Exhibit A**.

The Parties submit their respective positions, not to exceed 250 words each, regarding the applicability of the Order in *Constr. Laborers Pension Tr. of Greater St. Louis v. Funko Inc.* towards this Action and Defendants' pending motion to dismiss (ECF No. 77) below:

**Plaintiffs' Position**

The Ninth Circuit ruled, *inter alia*, that scienter was established, in part, by the core operations doctrine, because inventory management and the use of information technology were so critical to Funko's business that the defendants must have known about inventory issues that made their statements false and misleading. Exhibit A at 42–46. This is consistent with Plaintiffs' argument that Defendants' misrepresentations concerning "core features of Mullen's business" were sufficient to independently establish scienter. *See* ECF No. 80 at 16–17.

The Ninth Circuit also found that a similar lawsuit in 2019 made the defendants "particularly attuned" to inventory issues and therefore it would have been "absurd to suggest" that they would not have been aware of inventory issues in 2022–2023. Exhibit A at 47–49. Defendants similarly dealt with a near-identical lawsuit before this Court in 2023 concerning misstatements about "groundbreaking battery

technology" and large sales orders that would have made Defendants particularly attuned to similar misstatements in this Action. *See* ECF No. 80 at 8, 10, 16–18.

The Ninth Circuit further held that the defendants attended regular meetings that would have put them on notice of contradictory information, bolstering their scienter. Exhibit A at 46–49. This is consistent with Plaintiffs' argument that Defendants had access to contradictory knowledge through their attendance of "weekly telephonic meetings," thereby establishing Defendants' scienter. *See* ECF No. 80 at 13–15.

Accordingly, Plaintiffs respectfully submit that the Ninth Circuit's *Funko* Order supports their Opposition to Defendants' Motion to Dismiss.

**Defendants' Position**

The Ninth Circuit's application of the core operations doctrine does not support scienter here because Defendants' statements regarding reverse stock splits, a joint venture, and a potential international transaction are fundamentally dissimilar from the inventory management statements in *Funko*. Funko's inventory *is* its business—the company sells collectibles—and the challenged statements concerned inventory management. It would therefore be "absurd" if Funko executives were unaware of inventory management problems. Exhibit A at 43. Mullen sells EVs; its "core" business is not "reverse stock splits," as Plaintiffs erroneously contend. Dkt. 80 at 16. Nor is Mullen's core business one-off JVs or potential international transactions, as Plaintiffs also assert. *Id.*

Plaintiffs' attempt to analogize the prior lawsuit in *Funko* to the prior lawsuit involving Mullen also fails. The prior Funko litigation involved identical subject matter—inventory management failures resulting in write-downs. Exhibit A at 47-48. The prior Mullen litigation primarily involved statements about vehicle development status and factory readiness, not statements about reverse stock splits and joint ventures.

The detailed allegations about inventory management meetings that led the Ninth Circuit to conclude there was a "strong inference" of knowledge of inventory issues (Exhibit A at 49) bear no similarity to the vague allegations about "weekly meetings" to discuss "business and potential deals" offered by Plaintiffs (Dkt. 63 ¶20). Unlike in *Funko*, Plaintiffs do not connect the alleged meetings to the precise subject of the alleged misrepresentations.

The Ninth Circuit's *Funko* Order does not support denial of Defendants Motion to Dismiss.

Dated: February 23, 2026                                          Respectfully submitted,

**POMERANTZ LLP**                                               **KING & SPALDING LLP**

*/s/ Christopher P.T. Tourek*                               */s/ Jenny Pelaez*

Joshua B. Silverman (*pro hac vice*)
Christopher P.T. Tourek (*pro hac vice*)
Genc Arifi (*pro hac vice*)
10 South LaSalle Street, Suite 350
Chicago, Illinois 60603
Tel: (312) 377-1181
Fax: (312) 229-8811
jbsilverman@pomlaw.com
ctourek@pomlaw.com
garifi@pomlaw.com

*Counsel for Lead Plaintiff Muhammad Jafri and Co-Lead Counsel for the Class*

**ROBBINS LLP**
Stephen J. Oddo
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Jenny Pelaez (Bar No. 326765)
jpelaez@kslaw.com
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Brian P. Miller (*pro hac vice*)
bmiller@kslaw.com
Samantha J. Kavanaugh (*pro hac vice*)
skavanaugh@kslaw.com
Ross E. Linzer (*pro hac vice*)
rlinzer@kslaw.com
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, Florida 33131
Telephone: (305) 462-6000
Facsimile: (305) 462-6100

*Attorneys for Defendants Bollinger Innovations, Inc. f/k/a Mullen Automotive, Inc., David Michery, and Jonathan New*

1 | Email: soddo@robbinsllp.com

2 | *Counsel for Lead Plaintiff*
3 | *Teeluck Persad and Co-Lead Counsel for the Class*
4 |

5 | **BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
6 | Peretz Bronstein
7 | 60 East 42nd Street, Suite 4600
   | New York, New York 10165
8 | Telephone: (212) 697-6484
9 | Facsimile: (212) 697-7296
   | peretz@bgandg.com
10 |
11 | *Additional Counsel for Muhammad Jafri*